IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| GILA ALTMAN and CARL ALTMAN § | |
| § | |
| V. § | MISCELLANEOUS ACTION NO. G-10-3004 |
| § | (Lead Case No. G-10-cv-487) |
| JANET NAPOLITANO, Secretary of § | |
| the Department of Homeland Security § | |

### OPINION AND ORDER

I now issue this Opinion and Order denying the "Motion for Summary Judgment" of Defendant, Janet Napolitano, Secretary of the Department of Homeland Security (hereinafter referred to as FEMA).

Since this case is before me with the consent of the Parties, a recitation of the relevant facts seems unnecessary; the Parties and the Court are completely familiar with the almost undisputed pertinent facts in this case.

After carefully considering the facts, the language of the applicable regulations and the SFIP, the Parties' numerous submissions and arguments, and the relevant case law, I have concluded that Judge Feldman's Opinion in Qader v. FEMA, 543 F.Supp. 2d 558, 561-62 (E.D. La. 2008), is correct.[1] The one-year filing period begins to run when FEMA denies a claim that is based upon the insured's sworn proof of loss, not from the date FEMA denies a claim based upon an adjuster's report. Until the insured submits a sworn proof of loss, FEMA has no

---

[1] FEMA argues that Judge Feldman repudiated this opinion in O'Connel v. Allstate Insurance Co., Civil Action No. 07-3316 (E.D. La. November 5, 2008), but I have personally conferred with Judge Feldman and he assures me he has not. In O'Connel, Judge Feldman found that Plaintiff's case was time-barred because, unlike Mr. Qader, she "never filed a formal proof-of-loss statement as required by federal regulations" and the language of the SFIP.

"statement of the amount (the insured) is claiming under the policy." Moreover, the filing of a proof of loss is a condition precedent to filing suit. Gowland v. Aetna Insurance Co., 143 F.3d 951, 954 (5th Cir. 1998)   In attempting to reconcile the language of the regulations and the SFIP, I have concluded that the mailing of a pre-proof of loss notice letter of disallowance by a claims examiner, which informs the insured that he may file suit "within one-year of the date of this letter," does not trigger the one-year filing period in § 4072 or Article VII(R) of the SFIP. In this case, Plaintiffs filed their proof of loss within the allotted time. If FEMA denied the proof of loss at all, it did so on December 28, 2009. Plaintiffs filed this suit on April 8, 2010. I, therefore, "cannot conclude this lawsuit is too late."

I also reject FEMA's proposition that if the submission of the proof of loss triggered the limitations period, there has never been a formal denial of the proof of loss and the Plaintiff's lawsuit is, therefore, premature. This just can't be the proper approach. The SFIP provides that payment will be made within 60 days of the receipt of the proof of loss. If no timely payment is made, a Plaintiff should be entitled to consider non-payment as a denial of the proof of loss "in whole" and exercise his right to sue under Section VII.M.2 of the SFIP. To accept FEMA's argument would allow FEMA to bar any suit by simply electing to withhold, forever, any written denial of the claim.

I further find FEMA's argument that the proof of loss was sent to the wrong address unpersuasive. The proof of loss was sent to "NFIP (National Flood Insurance Program) Direct" in Hyattsville, Maryland, and FEMA, obviously, got actual knowledge of the proof of loss. I also note that I have not found the Shawnee Mission, Kansas, address designated anywhere within the 19 of 19 pages of the SFIP itself as the address to which any notice must be sent.

I finally find that the "earth movement" coverage issue presents a genuine issue of material fact which precludes summary judgment.

Although I believe that equitable tolling is available in cases involving the National Flood Insurance Program, since I have determined that the Plaintiffs' suit was timely filed, I need not address equitable tolling in this matter.

For the foregoing reasons, it is **ORDERED** that the Motion for Summary Judgment (Instrument no. 6) of Defendant FEMA, is **DENIED**.

**DONE** at Galveston, Texas, this ____1st____ day of March, 2013.

_____
John R. Froeschner
United States Magistrate Judge